IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

|  |  |
|---|---|
| v. | 21-CR-6126-CJS |

MIGUEL RAMOS,

Defendant.

_____

### STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has fully reviewed the Pre-Sentence Investigation Report ("PSR") submitted by the United States Probation Department on or about October 18, 2021.   The sentencing guideline calculations contained in the presentence report are identical to those contained in the plea agreement.  Accordingly, the government has no objection to and adopts the findings of the PSR.

It is the understanding of the government and the defendant that, with a total offense level of 17 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 24 to 30 months, a fine of $10,000 to $95,000, and a period of supervised release of 1 to 3 years.  Notwithstanding these calculations, it is the parties' understanding that at sentencing the defendant is subject to the maximum penalties set forth in the plea agreement.  Last, pursuant to the plea agreement, the parties have reserved the right to argue for a non-guideline sentence.  The government, however, would recommend a sentence at the low-end of the guideline range, that is, 24 months.

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

The defendant is required to pay a $100 special assessment pursuant to 18 U.S.C. § 3013 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check, or certified funds to the United States District Court Clerk.

Pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A, the government requests that restitution in the amount of $4,287.00 payable to the City of Rochester be ordered by the Court as a part of the sentence in this case.  The government respectfully requests that the Court include restitution against the defendant and that it be reflected in the final judgment of conviction.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

Asset Forfeiture/Financial Litigation Unit
U.S. Attorney's Office--WDNY
138 Delaware Avenue
Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

DATED:        November 9, 2021

                                   Respectfully submitted,

                                   TRINI E. ROSS
                                   UNITED STATES ATTORNEY


                          By:      s/CASSIE M. KOCHER
                                   Assistant U.S. Attorney
                                   United States Attorney's Office
                                   100 State Street, Room 500
                                   Rochester, New York 14614
                                   585-399-3934
                                   Cassie.Kocher@usdoj.gov


TO:    Hon. Charles J. Siragusa
       Peter J. Pullano, Esq.
       Nicholas J. Bavaria, USPO